UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRIS BLANCH,
    Plaintiff,

vs.                                  No. 10-4016

OFFICER MORITZ,
    Defendant.

### SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of the Defendants' Motion for Summary Judgement [d/e 19]

### I. BACKGROUND

The pro se plaintiff filed a confusing array of documents which lead to this lawsuit. It began when the plaintiff sent a letter to the court on February 3, 2010, which was very difficult to read. Nonetheless, the plaintiff said he wanted to sue the Moline Police Department and two officers and referred to cases A, B and C. *See* April 14, 2010 Case Management Order. Due to statute of limitations concerns, the letter was opened as a lawsuit pursuant to 42 U.S.C. §1983 and the plaintiff was advised to pay the filing fee or file a motion to proceed *in forma pauperis. See Blanch v. Freiland,* Case No. 10-4015.

The very next day, the clerk of the court received an envelope from the plaintiff with a motion to proceed *in forma pauperis* and three separate complaints labeled A, B and C. Complaints A and B were identical and became this lawsuit. *See* April 14, 2010 Case Management Order.

The court was unable to read most of the plaintiff's complaint due to the extremely small print. Therefore, the plaintiff was directed to file a new, readable complaint. April 16, 2010 Text Order. The plaintiff complied, and on May 10, 2010, the court found the plaintiff had alleged that Defendant Officer Moritz used excessive force against the plaintiff during an arrest on February 28, 2009. *See* May 10, 2010 Text Order. The plaintiff alleged that he called 911 at approximately 11:45 a.m. when he found a bag of crack cocaine in a field. The plaintiff says the defendant responded and used excessive force when placing him under arrest.

Defendant Moritz returned a waiver of service form and filed a motion for summary judgement. [d/e 19]. The plaintiff was filed various responses.

### II. FACTS

1

The following facts are taken from the affidavits attached to the defendant's motion for summary judgement:

Richard Moritz states that he is a detective with the Rock Island Police Department and has received a copy of the complaint in this case. (Def. Memo, Moritz Aff., p. 1) Moritz says he does know who the plaintiff is, but has "never had any direct contact whatsoever with Chris B. Blanch while employed as a police officer for the City of Rock Island." (Def. Memo, Moritz Aff., p. 1-2) Moritz repeats that he has never placed the plaintiff under arrest and never placed handcuffs on the plaintiff.

Timothy McCloud says he is employed as a special agent for Internal Affairs by the Rock Island Police Department. (Def. Memo, McCloud Aff., p 1). McCloud says he has access to all Rock Island Police Department Records and has found no reports were prepared or submitted by Defendant Moritz or any police officer concerning the plaintiff on February 28, 2009. (Def. Memo, McCloud Aff., p 1).

Wayne Sharer says he is the Freedom of Information Act Officer for the Rock Island Police Department. (Def. Memo, Sharer Aff., p. 1). Sharer says at the request of Defendant Moritz, he checked all 911 calls for the date of February 28, 2009 and did not find any calls from the plaintiff.(Def. Memo, Sharer Aff., p. 1).

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts.  *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience."  *Visser*, 924 F.2d at 659.

IV. ANALYSIS

Defendant Moritz claims that while he knows the plaintiff, he has never arrested the plaintiff, nor has he had any personal contact with him.  In addition, the defendant has presented evidence that NO Rock Island City Police Officer had contact with the plaintiff on February 28, 2009 and there is no record of the plaintiff making a 911 call on this day.

The plaintiff does not claim he had the incorrect day or officer.  Instead, the plaintiff maintains that the officer is lying. (Plain. Resp, #21, 22, 25).  On the surface, it would appear there is a dispute over a material fact.  However, the plaintiff has presented absolutely no evidence to support his claim.  If the plaintiff was arrested by Defendant Moritz on this date, he should at least be able to present a copy of an arrest report to support his claims.   The motion for summary judgement is granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion for summary judgment is granted. [d/e 19].  The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56.  The case is terminated.  The parties are to bear their own costs.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g)**

**3) The plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 19th day of July, 2010.

                    **\s\Harold A. Baker**

                _____
                        HAROLD A. BAKER
                  UNITED STATES DISTRICT JUDGE